UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUERSCHON FRANCOIS,

Petitioner,

v.

KEVIN RAYCRAFT,

Respondent.

Case No. 1:26-cv-3172

Honorable Jane M. Beckering

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correction Center located in Battle Creek, Calhoun County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondent to release Petitioner or provide Petitioner with a bond hearing. (Pet., ECF No. 1, PageID.7.)

In an order entered on November 9, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondent filed their response and a recording of the

July 24, 2026, bond hearing on November 12, 2026. (Resp., ECF No. 5; Recording of July 24, 2026, Bond Hearing, filed on Nov. 12, 2026.)

## II. Relevant Factual Background

This is Petitioner's third habeas petition. On May 4, 2026, Petitioner filed his first § 2241 petition challenging his initial detention without a bond hearing in *Francois v. Unknown Party (Francois I)*, No. 1:26-cv-1458 (W.D. Mich.). In *Francois I*, the Court set out the facts regarding Petitioner's immigration status:

> Petitioner is a native and citizen of Haiti. (Notice to Appear (NTA), ECF No. 4-1, PageID.52). The Department of Homeland Security (DHS) permitted Petitioner to enter the United States in January of 2024, and Petitioner has remained in the United States since that time. (See id.)
>
> On November 25, 2025, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (ECF No. 4-2, PageID.57). Respondents have not provided Petitioner an individualized bond hearing before an immigration judge as contemplated by 8 U.S.C. § 1226(a).

Op., *Francois I*, (W.D. Mich. June 10, 2026), (ECF No. 8) (internal footnotes omitted). In *Francois I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. *Id.*; J., *Francois I*, (W.D. Mich. June 10, 2026), (ECF No. 9).

On June 16, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Status Report & Immigration Judge Order, *Francois I*, (W.D. Mich. June 10, 2026), (ECF Nos. 11, 11-1). On July 6, 2026, Petitioner filed his second § 2241 petition challenging the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond in *Francois v. Unknown Party (Francois II)*, No. 1:26-cv-2004 (W.D. Mich.). In *Francois II*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241, ordering Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Francois II*, (W.D. Mich. July 20, 2026), (ECF Nos. 7, 8).

On July 24, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Status Report & Immigration Judge Order, *Francois II,* (W.D. Mich. July 28, 2026), (ECF Nos. 10, 10-1). At the conclusion of the July 24, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "The Department of Homeland Security has proven by clear and convincing evidence that [Petitioner] is a flight risk." Immigration Judge Order, *Francois II,* (W.D. Mich. July 28, 2026), (ECF No. 10-1, PageID.84.).

**III. Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on July 24, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.[1] Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

---

[1] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 20, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e).